UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IA LODGING SANTA CLARA LLC,<br><br>　　　　Defendant. | Case No. 19-cv-07558-NC<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Re: Dkt. No. 21 |

Before the Court is defendant IA Lodging Santa Clara LLC's motion to dismiss plaintiff Theresa Brooke's first amended complaint and declare her a vexatious litigant. Dkt. No. 21. The Court finds that the complaint fails to state sufficient facts to (1) confer standing; (2) state an ADA claim; and (3) state an Unruh Act violation. Accordingly, the Court GRANTS IA Lodging Santa Clara LLC's motion to dismiss Brooke's ADA claim and GRANTS Brooke leave to amend the complaint.

**I.   Background**

　**A.   Factual Allegations**

Plaintiff Theresa Brooke, a resident of Arizona, is legally disabled and uses a wheelchair. FAC ¶ 1. Defendant IA Lodging Santa Clara LLC does business as a hotel, the Hyatt Regency Santa Clara ("the Hyatt"). *Id.* ¶ 2. Brooke and her husband allege that they frequently travel to California "for purposes of leisure travel, hearings, settlement

conferences, ENE conferences, joint site inspections and to determine if various hotels across the Country comply with disability access laws." *Id.* ¶ 8.  Brooke and her husband are planning to visit the Bay Area over the next several months and went online to IA Lodging's website to rent rooms. *Id.* ¶¶ 7, 10.  She wanted to rent the Hyatt's Executive Suite, which offers "more living space, better views and more luxurious amenities than [the] standard rooms." *Id.* ¶ 10.  But, according to Brooke, "the sole ADA accessible rooms offered by [IA Lodging] are the standard rooms." *Id.*  Thus, Brooke alleges that she was deterred because IA Lodging did not have comparably luxurious ADA-accessible rooms for rent.  During Brooke's most recent trip, she did not visit the Hyatt because "[IA Lodging] has not remediated, and Plaintiff therefore remains deterred." *Id.* ¶ 11.

## B. Procedural History

On November 17, 2019, Brooke filed this action against IA Lodging, alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv) and the 2010 ADA Standards, as well as the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, 52.  Dkt. No. 1 ¶¶ 3, 20.  On February 28, 2020, IA Lodging filed their first motion to dismiss and to declare plaintiff a vexatious litigant.  Dkt. No. 13.  The Court denied the motion without prejudice based on Brooke's stated intention to amend the complaint.  Dkt. No. 15.

On April 3, 2020, Brooke filed her first amended complaint alleging the same claims as the original complaint.  *See* Dkt. No. 20.  On April 17, 2020, IA Lodging filed the instant motion to dismiss and to declare plaintiff a vexatious litigant.  Dkt. No. 21.

All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c).  Dkt. Nos. 9, 10.

## II. Legal Standard

### A. Rule 12(b)(1)

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Because standing is a jurisdictional issue, it is

2

properly addressed under a Rule 12(b)(1) motion. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). In order to satisfy Article III's standing requirements, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

### B. Rule 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d at 336, 337– 38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). However, a court "may exercise its discretion to deny

leave to amend due to 'repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010).

### III. Discussion

#### A. Americans with Disabilities Act

IA Lodging argues that Brooke's ADA claim must be dismissed because she (1) lacks Article III standing to bring her claim and (2) fails to state a claim under the ADA. Dkt. No. 21 at 5.

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

There are two ways to demonstrate standing under the ADA. A plaintiff must show that she has either (1) suffered an "injury-in-fact coupled with an intent to return," or (2) is deterred from returning to the premises. *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

A barrier causes an ADA injury when it interferes with the plaintiff's full and equal enjoyment of the facility on account of her particular disability. *Id.* at 947. "Because the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA." *Id.*

To establish deterrence, a plaintiff must allege "actual knowledge of illegal barriers at a public accommodation to which he or she desires access" and that a defendant's "failure to comply with the ADA deters him or her from making use of the defendant's facility." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.* (*CREEC*), 867 F.3d 1093, 1098 (9th Cir. 2017); *see also Chapman*, 631 F.3d at 949 ("A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there.").

4

Brooke alleges that IA Lodging's failure to provide "the same room-type choices to disabled persons as it does for able-bodied persons" was an accessibility barrier that prevents her full and equal enjoyment of the hotel. FAC ¶ 4.

Section 224.5 of the 2010 ADA Standards does not require a hotel to offer accessible rooms that are identical to non-accessible rooms, but instead requires that accessible rooms be "dispersed among the various classes of guest rooms" and "provide choices of types of guest rooms, number of beds, and other amenities *comparable* to the choices provided to other guests." 2010 ADA Standards § 224.5. Additionally, Section 224.5 provides that "guest rooms shall be dispersed in the following priority: *guest room type*, number of beds, and *amenities*." *Id.* (emphasis added). Brooke alleges that "the sole ADA accessible rooms offered by [the Hyatt] are the standard rooms" and that "the Executive Suite she wanted to rent has "more living space, better views and more luxurious amenities than [the Hyatt]'s standard rooms" but are not ADA accessible. FAC ¶ 10. On a motion to dismiss, the Court must accept Brooke's factual allegations as true. *See Cahill*, 80 F.3d at 337–38. Here, because there are allegedly no ADA-accessible rooms comparable to the Executive Suites in terms of room type and amenities, Brooke alleges enough facts to plausibly suggest that the Hyatt failed to satisfy § 224.5.

Citing *Access Now, Inc. v. Southwest Airlines, Co.*, 227 F. Supp. 2d 1312, 1321 (S.D. Fla. 2002), IA Lodging argues that Brooke's alleged injury is hypothetical because she fails to show the website impedes her use and enjoyment of the Hotel facilities. Dkt. No. 13 at 6. In that case, the Southern District of Florida granted a defendant's motion to dismiss because the "plaintiff failed to establish a nexus between southwest.com and any restriction on the full enjoyment of a physical, concrete place of public accommodation." *Id.* (citation omitted). As an initial matter, however, *Access Now* is an out-of-circuit district court case and is therefore not controlling. In any case, unlike the plaintiffs in *Access Now*, who sued Southwest over the allegedly inaccessibility of its website, Brooke does not argue that IA Lodging's website was inaccessible. Instead, she claims that IA Lodging's physical hotel facilities were discriminatory because they lack comparable

5

rooms for disabled individuals.

Nonetheless, an ADA plaintiff must also allege how "[her] disability was affected by [the barrier]" to establish standing. *Chapman*, 631 F.3d at 954. Here, Brooke fails to allege sufficient facts on how her particular disability was affected by the lack of accessibility features in the Executive Suite. She merely alleges that the Executive Suite has "more living space, better views and more luxurious amenities than [the] standard rooms" but does not clarify how the non-compliance of the Executive Suite affects her personal disability "so as to deny [her] the 'full and equal' access that would satisfy the injury-in-fact requirement." *Chapman*, 631 F.3d at 954. Brooke does not, for example, explain what types of accessibility features she requires that the Executive Suites apparently do not have. Because Brooke fails to connect her disability to the alleged barrier, she has not established an injury-in-fact nor has she shown she was deterred from visiting the Hyatt. *See Chapman*, 631 F.3d at 949 ("A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there.").

Because Brooke fails to establish how the Hyatt's alleged non-compliance with the ADA is related to her disability, she has not shown that IA Lodging interfered with her full and equal enjoyment of the Hyatt. Accordingly, the Court finds that Brooke lacks standing and GRANTS IA Lodging's motion to dismiss with leave to amend as the pleading could possibly be cured by the allegation of other facts. *See Lopez*, 203 F.3d at 1127.

**B.    The Unruh Act**

Brooke's claim under the Unruh Act is a state law claim. *See* Cal. Civ. Code §§ 51, 52. Because the Court dismissed the ADA claim, over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining Unruh Act claim. *See* 28 U.S.C. 1367(c)(3). The Court, however, nonetheless offers the following observations regarding Brooke's Unruh Act claim.

The Unruh Act is limited in scope to "[a]ll persons within the jurisdiction of this state." Cal. Civ. Code, § 51(b). The California Supreme Court has interpreted the phrase

"within the jurisdiction of this state" in accord with its plain meaning as "within the state." *Munson v. Del Taco*, Inc., 46 Cal. 4th 661, 668 n.4 (2009). Here, Brooke, a resident of Arizona, does not claim that she accessed the reservation website within California. Instead, she merely alleges that she has a San Jose office. FAC ¶ 1. That bare allegation is not enough to show that she was injured "within the jurisdiction of" California. Cal. Civ. Code § 51(b).

Accordingly, the Court also GRANTS IA Lodging's motion to dismiss Brooke's Unruh Act claim with leave to amend.

### C. Vexatious Litigant

IA Lodging argues that Brooke is a vexatious litigant and should be subject to a pre-filing order placing restrictions on what cases the vexatious litigant may file.

Such order is "an extreme remedy that should rarely be used." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The Ninth Circuit established requirements for entering such order against vexatious litigant: (1) the litigant must be given notice and opportunity to be heard before the order is entered; (2) the court must compile an adequate record for review, including a list of all filings and motions leading to the conclusion that the individual is a vexatious litigant; (3) the court must make substantive findings that the litigant's filings are frivolous or harassing; and (4) the pre-filing order may not be overly broad, and must be narrowly tailored. *Id.* at 1148.

Here, IA Lodging has not established the third requirement. Although Brooke has filed numerous lawsuits in this District, some of those suits were not frivolous or harassing. More importantly, the Court has not yet found that *this* lawsuit is frivolous or harassing. Indeed, the Court grants leave to amend because the deficiencies in Brooke's complaint could plausibly be cured by additional facts. Because a vexatious litigant order is such an extreme measure, the Court finds such determination premature and DENIES IA Lodging's motion.

### IV. Conclusion

The Court GRANTS IA Lodging's motion to dismiss with leave to amend. The

Court DENIES IA Lodging's request for an order declaring Brooke a vexatious litigant.

If Brooke chooses to amend, she must file her amended complaint by July 22, 2020. The amended complaint may not add additional claims or parties without further leave of Court.

**IT IS SO ORDERED.**

Dated: July 8, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge